IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1-02-10069 |
| ) | |
| ROCKY MORRIS WHITE, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT'S MOTION FOR TIME SERVED IN STATE
CUSTODY

Defendant Rocky Morris White was found guilty of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to a prison term of 260 months with the Bureau of Prisons ("BOP"). On December 17, 2003, Defendant's parole was revoked and he was transferred to the Tennessee Department of Correction ("TDOC") to serve the remainder of a sixteen-year sentence for several cases involving aggravated assault, aggravated burglary, theft of property, and reckless endangerment. On November 8, 2004, Defendant was notified that his request for a *nunc pro tunc* designation was approved, allowing for concurrent service of his state and federal sentences. However, Defendant's request for all time spent in state custody to be applied to his federal sentence pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), and

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___6/9/05___



Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), was denied. Defendant was given thirty days to appeal this decision with the Bureau of Prisons. Defendant did not appeal.

Before the court is Defendant's motion to request credit for time served in state custody, thus, he is now appealing the November 8th decision of the Bureau of Prisons.[1] The commencement and sentencing of the term of imprisonment of a federal prisoner, including any awards of credits, is governed by 18 U.S.C. § 3585, which states:

> (a) <u>Commencement of sentence</u>. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentences at, the official detention facility at which the sentence is to be served.
> 
> (b) <u>Credit for prior custody</u>. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> 
>   (1) as a result of the offense for which the sentence was imposed; or
> 
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> 
> that has not been credited against another sentence.

18 U.S.C. § 3585.

As an initial matter, the court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). It is well-established that "this issue is not ripe for review until the

---

[1] The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Under 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, a sentencing court may modify the sentence imposed only under certain very narrow circumstances. Fed. R. Crim. P. 35(c) permits correction of technical errors in a sentence, but only if the court acts within seven days of entry of judgment. Although Fed. R. Crim. P. 36 contains no time limitation, it permits only correction of clerical mistakes in judgments. White, however, does not seek to modify his sentence and does not contend that the judgment contained any clerical errors.

2

Bureau of Prisons has ruled on a defendant's request for credit." United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996); see United States v. Wilson, 503 U.S. 329, 333-34 (1992). Accordingly, White must exhaust his administrative remedies through the BOP before he may petition the district court to review any administrative decision denying credit for time served in state custody. A prisoner who wishes to appeal a decision by the Bureau of Prisons must seek administrative review of the computation or denial of credits, see C.F.R. §§ 542.10-542.16, and, when he has exhausted all administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241. See Wilson, 503 U.S. at 355; McCain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). Therefore, exhaustion of administrative remedies with the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation.

Here, White fails to demonstrate that he has exhausted his administrative remedies with the Bureau of Prisons. The BOP's November 8th letter to White stated that he had thirty days to appeal their decision denying his request. Defendant has failed to establish that he took any such action. Thus, although Defendant claims to have exhausted all available administrative remedies, he clearly has not. Consequently, this court has no jurisdiction over his claim for sentence credit for time spent in state custody. Wilson, 503 U.S. at 333; United States v. Westmoreland, 974 F.2d 953 (6th Cir. 1981). Defendant's motion is, therefore, DENIED.

3

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 June 2005
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 68 in case 1:02-CR-10069 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Rocky Morris White
Federal Correctional Complex
18698-076
P.O. Box 5000
Oakdale, LA 71463

James W. Powell
U.S. ATTORNEY'S OFFICE
109 S. Highland Ave.
Ste. 300
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT